## CITY OF BANGOR *versus* INHABITANTS OF FAIRFIELD.

If, after notice duly given to the overseers of the poor of a town, that a person having a settlement therein has become chargeable as a pauper in another town, the town receiving the notice makes payment for all supplies thus far furnished, a new notice is necessary in order to charge the same town for further supplies to the pauper.

Where the officers of a town have committed an insane pauper belonging to another town to the Hospital, although the town making the commitment is responsible to the Hospital for the board and expenses, a right of action to recover such expenses of the town where the pauper belongs does not accrue until the sums due to the Hospital are paid.

ON AN AGREED STATEMENT OF FACTS.

Eliza A. Holway had her legal settlement in Fairfield from

Jan. 1, 1856, to the commencement of this action. In January, 1856, she was committed to the Insane Hospital by the city authorities of Bangor. On Feb. 20, 1856, the overseers of the poor of Bangor duly notified the overseers of the poor of Fairfield, that she, being an inhabitant of Fairfield, had become chargeable in Bangor as a pauper, had been committed to the Hospital as insane, and the expenses of her support would be charged to Fairfield. The overseers of Fairfield, in March, 1857, paid to those of Bangor a bill of $16,17, for the expenses of her commitment, being the only charge up to that date, and a receipt in full was returned. In May, 1857, and at different times between that date and July 31, 1858, sundry bills were paid by the overseers of Bangor to the Insane Hospital for the board and support of the insane pauper, amounting to nearly $300. It did not appear that any notice was given by the overseers of Bangor to those of Fairfield, after Feb. 20, 1856. The city of Bangor brought this action to recover compensation for supplies furnished subsequent to the settlement made in March, 1857. The Court was to render such judgment as the law requires.

The case was argued at length, and several points insisted upon by the counsel, but the decision turned upon a question relating to notice.

*G. W. Ingersoll*, for the plaintiffs, argued that the notice to the defendants was sufficient, and no subsequent notice was necessary, and cited *Worcester* v. *Milford*, 18 Pick., 379.

*J. H. Drummond* and *E. W. McFadden*, for the defendants, said it was well settled that when a town receives notice of supplies to one of its paupers, and settles the bills, and afterwards the other town incurs further expenses, a new notice must be given. *Sidney* v. *Augusta*, 12 Mass., 316; *Hallowell* v. *Harwich*, 14 Mass., 188; *Walpole* v. *Hopkinton*, 4 Pick., 358; *Palmer* v. *Dana*, 9 Met., 587; *Greene* v. *Taunton*, 1 Maine, 228; *Cunningham* v. *Wareham*, 9 Cush., 585; *Eastport* v. *East' Machias*, 40 Maine, 280; *Gross* v. *Jay*, 37 Maine, 9.

The opinion of the Court was drawn up by

DAVIS, J.—This is an action of assumpsit for expenses incurred for the support of Eliza A. Holway, in the Insane Hospital. The settlement of the pauper is admitted to have been in the defendant town. The right to reimbursement is purely a statutory right, depending upon no equitable considerations, but arising solely from positive provisions of law. These provisions are doubtless designed, so far as is practicable, to distribute such burdens equitably among the towns. But one town cannot recover of another, unless strictly within the terms of the statute.

This right to reimbursement is given by the statute only for " expenses incurred within three months next before written notice given to the town to be charged." Such notice was given in this case, February 20th, 1856. The expenses incurred before that time, amounting to $16,17, were subsequently paid by the defendants. Afterwards, during the years 1856, 1857, and 1858, the plaintiffs paid various sums for the support of the pauper in the Hospital; but no other notice was given to the defendants. The right of action did not accrue until the sums due to the Hospital were paid. And the defendants having paid all that was due at the time of the notice, February 20th, 1856, the plaintiffs should have given a new notice of the expenses subsequently incurred and paid by them. Not having done so, they cannot recover. *Palmer* v. *Dana*, 9 Met., 585 ; *Eastport* v. *East Machias*, 40 Maine, 280.

It is unnecessary for us to consider the other points raised in the case. According to the agreement of the parties, a nonsuit must be entered.

TENNEY, C. J., and APPLETON, CUTTING, MAY, and KENT, J. J., concurred.